UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 22CR254

JAVION L. JOHNSON,

Defendant.

**PLEA AGREEMENT**

1. The United States of America, by its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Lisa Wesley, Assistant United States Attorney, and the defendant, Javion L. Johnson, individually and by attorney John W. Campion, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

**CHARGES**

2. The defendant has been charged in an indictment with a forfeiture provision which alleges a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

3. The defendant has read and fully understands the charge contained in the indictment. He fully understands the nature and elements of the crime with which he has been charged, and the charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

**THE GRAND JURY CHARGES THAT:**

1. On or about July 25, 2022, in the State and Eastern District of Wisconsin,

**JAVION L. JOHNSON,**

knowing he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed ammunition which, prior to his possession of it, had been transported in interstate and foreign commerce, the possession of which was therefore in and affecting commerce.

2. The ammunition is more fully described as:

a. twelve rounds of Hornady .40 caliber ammunition;
b. twenty-one rounds of Federal 9mm ammunition;
c. three rounds of Winchester 9mm ammunition;
d. five rounds of Speer 9mm ammunition;
e. two rounds of Remington 9mm ammunition;
f. three rounds of Winchester Military Ammunition 9mm ammunition;
g. four rounds of CCI 9mm ammunition;
h. one round of Fiocchi 9mm ammunition;
i. one round of Herter's (Winchester) 9mm ammunition; and
j. one round of Sellier & Bellot 9mm ammunition.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

On July 23, 2022, undercover Milwaukee police officers conducted surveillance at an apartment complex on N. Granville Road attempting to locate Javion Johnson, who had an outstanding warrant. Officers saw Johnson, who was carrying a firearm with a clear extended magazine in his left front pants pocket, exit the apartment building with a child and enter a vehicle. That same day, a state search warrant was obtained for Johnson's apartment.

Two days later, on July 25, 2022, at 8:45 a.m., Milwaukee police officers executed the warrant at Apartment 111 on N. Granville Road. As officers knocked on the apartment door, Johnson jumped out a first-floor window and was immediately arrested. No other adults were in the apartment upon entry, but a seven-year-old child was located inside.

During the subsequent search, officers found a semi-automatic firearm with a clear extended magazine loaded with forty-one rounds of 9mm ammunition under the couch in the living room. Johnson's DNA was later identified on the grip of this gun. Officers also found a set of keys and a small baggie of marijuana on a table in the living room. In the closet, officers found a box containing twelve rounds of .40 caliber Hornady ammunition and identifiers for Johnson. In one of the bedrooms, officers found a loaded magazine, a Quest card, and a Wisconsin identification card both in Johnson's name all under the mattress. The same clothing Johnson was seen in with the gun in his pocket two days earlier was also located in this bedroom.

After being advised of his constitutional rights, Johnson told officers that he resided at Apartment 111 on N. Grandville Road.

ATF later examined the ammunition recovered from the gun and elsewhere in the apartment and determined that it all traveled in interstate or foreign commerce. The ammunition is further described as:

k. Twelve rounds of Hornady .40 caliber ammunition manufactured in Nebraska;
l. Twenty-one rounds of Federal 9mm ammunition manufactured in either Minnesota or Idaho;
m. Three rounds of Winchester 9mm ammunition manufactured in Illinois;
n. Five rounds of Speer 9mm ammunition manufactured in Idaho;
o. Two rounds of Remington 9mm ammunition manufactured in either Connecticut or Arkansas;
p. Three rounds of Winchester Military Ammunition 9mm ammunition manufactured in Mississippi;
q. Four rounds of CCI 9mm ammunition manufactured in either Minnesota or Idaho;
r. One round of Fiocchi 9mm ammunition manufactured in either Italy, Hungry, Missouri, or Arkansas;

s. One round of Herter's (Winchester) 9mm ammunition manufactured in Mississippi; and
t. One round of Sellier & Bellot 9mm ammunition manufactured in Czech Republic.

Johnson has prior state felony convictions for armed robbery with threat of force and attempt to flee. He was sentenced to more than a year in prison on the armed robbery and should have known that he had been convicted of an offense punishable by more than one year imprisonment.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

**PENALTIES**

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following penalties:

| Maximum Term of Imprisonment | Maximum Fine Amount | Maximum Term of Supervised Release | Mandatory Special Assessment |
|---|---|---|---|
| 15 years | $250,000 | 3 years | $100 |

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

**ELEMENTS**

8. The parties understand and agree that in order to sustain the charge of Felon in Possession of Ammunition as set forth in the indictment, the government must prove each of the following propositions beyond a reasonable doubt:

First, the defendant knowingly possessed ammunition;
Second, at the time of the charged act, the defendant was a person who had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;
Third, at the time of the charged act, the defendant knew he was a person who had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; and

Fourth, the ammunition had been shipped or transported in interstate commerce.

## SENTENCING PROVISIONS

9. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

12. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

13. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false,

incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

**Relevant Conduct**

14. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

**Base Offense Level**

15. The government agrees to recommend to the sentencing court that the applicable base offense level for the offense charged in the indictment is 22 under Sentencing Guidelines Manual § 2K2.1(a)(3).

**Acceptance of Responsibility**

16. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

**Sentencing Recommendations**

17. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

18. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

19. The government agrees to recommend a sentence of no more than 40 months' imprisonment.

**Court's Determinations at Sentencing**

20. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

21. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

**FINANCIAL MATTERS**

22. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of

Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

23. The defendant agrees to provide to the Financial Litigation Program (FLP) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the FLP during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLP and any documentation required by the form.

**Fine**

24. The parties agree to recommend to the sentencing court that no fine be imposed against the defendant.

**Special Assessment**

25. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

**Forfeiture**

26. The defendant agrees that all properties listed in the indictment constitute the proceeds of the offense to which he is pleading guilty or were used to facilitate such offense. The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement. The parties agree that the forfeiture of the defendant's properties as described in the indictment will be determined by the court prior to or at the time of sentencing.

## DEFENDANT'S WAIVER OF RIGHTS

27. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

28. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant

under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

29. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

30. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

## GENERAL MATTERS

31. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

32. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

33. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

34. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The

defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

**EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT**

35. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

**VOLUNTARINESS OF DEFENDANT'S PLEA**

36. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 1-29-24

JAVION L. JOHNSON
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 1/29/2024

JOHN W. CAMPION
Attorney for Defendant

For the United States of America:

Date: 1/29/2024

GREGORY J. HAANSTAD
United States Attorney

Date: 1/29/2024

LISA WESLEY
Assistant United States Attorney